UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PHILIP COLE and JENNIFER COLE,**

     **Plaintiffs,**

v.                                **Case No. 8:06-CV-2171-JDW-MSS**

**LOBELLO PAINTING, INC.; et al.**

     **Defendants.**

_____/

## ORDER

     **BEFORE THE COURT** is Defendants Anthony Lobello, Patricia Lobello, and Lobello Painting, Inc.'s Motion to Dismiss Complaint for Failure to State a Claim and Memorandum in Support (Dkt. 14) and Plaintiffs' Memorandum of Law in Opposition (Dkt. 15).

### I. Allegations of the Complaint

     Plaintiffs allege that on or about June 4, 2004, Plaintiffs and Defendant Lobello Painting, Inc., entered into a contract for the painting of Plaintiffs' home. Anthony LoBello is the Director and President of LoBello Painting. Patricia LoBello is an owner, employee and/or agent of LoBello Painting. After paying a deposit of half the contract price, Plaintiffs assert that LoBello Painting failed to complete the painting of their home per the terms and conditions of the contract. Accordingly, Plaintiffs hired another company to complete the painting and refused to pay LoBello Painting the second half of the contract price.

     Plaintiff, Jennifer Cole, met with Anthony LoBello on or about September 28, 2004, to discuss the unfinished painting job. Plaintiffs called LoBello Painting on or about October 1, 2004, to finalize a resolution to their dispute but their call was never returned. On October 12, 2004,

Plaintiff, Jennifer Cole, sent a letter to Mr. LoBello informing him that Plaintiffs would not be paying the remainder of the contract price due to LoBello Painting's failure to complete the painting job.  On December 20, 2004, Defendant Patricia Lobello filed a claim of lien against Plaintiffs' property on behalf of LoBello Painting in the amount of $560.00, the unpaid portion of the contract price.

From approximately August 2, 2006, to September 22, 2006, Plaintiffs claim that they were contacted by Defendants Daniels and Bradford, Inc., individual Defendant representatives of Daniels and Bradford, Lucas and Associates, Attorneys at Law, and an individual Defendant representative of Lucas and Associates in an effort to collect on the second half of the painting contract price.

On November 21, 2006, Plaintiffs filed the Complaint in this action alleging three separate counts against all Defendants.  First, Plaintiffs allege violations of the federal Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692.  Second, Plaintiffs allege violations of the Florida Consumer Collections Practices Act ("FCCPA") pursuant to Fla. Stat. § 559.72.  Third, Plaintiffs allege a conspiracy to violate the FDCPA and/or the FCCPA.

## II. Standard of Review

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A well-pleaded complaint may survive a motion to dismiss even if it appears "that a recovery is very remote and unlikely." *Id.* at 1965 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  While a complaint need not include detailed factual allegations, it must contain sufficient factual

allegations, which, when taken as true, "raise a right to relief above the speculative level." *Id.* at

1964-65. A conclusory statement of the elements of a cause of action will not suffice to state a claim

under Rule 8. *Id.*

### III. Discussion

#### A. Plaintiffs' FDCPA Claim

Defendants argue that Plaintiffs have failed to state a cause of action against Defendants

pursuant to the FDCPA, in part, because Defendants are not "debt collectors" as defined by the Act.

Plaintiffs concede this point.

The FDCPA is designed to "eliminate abusive debt collection practices by debt collectors...."

*Brown v. Budget Rent-A-Car Systems, Inc.*, 119 F.3d 922, 923 (11th Cir. 1997) (citing 15 U.S.C. §

1692(e) (1997)). "In order to prevail on an FDCPA claim, a plaintiff must prove that: '(1) the

plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is

a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission

prohibited by the FDCPA'." *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1360-61 (S.D. Fla.

2000) (quoting *Sibley v. Firstcollect, Inc.,* 913 F. Supp. 469, 470 (M.D. La. 1995)). The FDCPA

defines the term "debt collector" as:

> any person who uses any instrumentality of interstate commerce or the mails in any
> business the principal purpose of which is the collection of any debts, or who
> regularly collects or attempts to collect, directly or indirectly, debts owed or due or
> asserted to be owed or due another. ... the term includes any creditor who, in the
> process of collecting his own debts, uses any name other than his own which would
> indicate that a third person is collecting or attempting to collect such debts....
> 15 U.S.C. § 1692a(6).

Moreover, the FDCPA expressly excludes from its definition of "debt collector" any "officer or

employee of a creditor while, in the name of the creditor, collecting debts for such creditor." 15

3

U.S.C. § 1692a(6)(A). "Creditor" is defined as "any person who offers or extends credit creating a debt or to whom a debt is owed...." 15 U.S.C. § 1692a(4).

Here, Plaintiffs concede in their response brief that the LoBello Defendants are not subject to the FDCPA because they are not "debt collectors." (Dkt. 15 at p.4). According to the allegations of Plaintiffs' Complaint, Lobello Painting, Inc. is a creditor, not a debt collector, because Lobello Painting is the entity to whom the alleged debt is owed. *See In re Cooper*, 253 B.R. 286, 290 (Bankr. N.D. Fla. 2000). Further, Anthony LoBello and Patricia LoBello are alleged to be officers or employees of LoBello Painting, Inc. and, as such, are excluded from the term "debt collector" for any collection efforts made on behalf of LoBello Painting. *See Reynolds v. Gables Residential Svcs., Inc.*, 428 F. Supp. 2d 1260, 1264 (M.D. Fla. 2006).

Further, an action brought pursuant to the FDCPA must be brought within one year of the date on which the alleged violation occurred. 15 U.S.C. § 1692k(d). Here, the last action alleged to be taken by any of the LoBello Defendants occurred on December 20, 2004, when Patricia LoBello allegedly filed a claim of lien on Plaintiffs' property. Plaintiffs' Complaint was filed almost two years later on November 21, 2006. (Dkt. 1).

Plaintiffs have failed to allege facts sufficient, when taken as true, to state a claim to relief under the FDCPA against the LoBello Defendants. *See Twombly*, 127 S. Ct. at 1964-65. Accordingly, Count I, as alleged against Anthony Lobello, Patricia Lobello, and Lobello Painting, Inc., is dismissed.

## B. Plaintiffs' FCCPA Claim

Defendants next argue that Plaintiffs have failed to allege any conduct on the part of the LoBello Defendants that would constitute a violation of the FCCPA. In response, Plaintiffs quote

the provisions of the Complaint generally alleging violations under specific sections of the FDCPA and the FCCPA. Plaintiffs do not, however, point to any factual allegations of the Complaint to support the conclusory allegations.

Plaintiffs allege that Defendants violated the FCCPA[1] by: (1) willfully communicating with the debtor with such frequency as can be expected to abuse or harass, (2) using willfully abusive language in communicating with the debtor, (3) asserting the existence of a legal right when knowing the right does not exist, (4) communicating with the debtor under the guise of an attorney and (5) refusing to present adequate identification when requested. (Dkt. 1 at ¶ 52); *see* Fla. Stat. §§ 559.72 (7),(8),(9),(12),(15).

The only factual allegations in the Complaint regarding the LoBello Defendants subsequent to the termination of the painting job are: (1) Plaintiff Jennifer Cole met with Anthony LoBello on or about September 28, 2004, to discuss the unfinished painting job; (2) Plaintiffs called LoBello Painting on or about October 1, 2004, to finalize a resolution to their dispute but their call was never returned; (3) Plaintiff Jennifer Cole sent a letter to Mr. LoBello on October 12, 2004, informing him that Plaintiffs would not be paying the remainder of the contract price due to the failure to complete the painting job; and (4) A claim of lien was filed against Plaintiffs' property by Patricia LoBello on or about December 20, 2004. The Complaint includes no factual allegations that the LoBello Defendants willfully communicated with Plaintiffs with frequency, used any willfully abusive language, communicated with Plaintiffs under the guise of an attorney or refused to present adequate identification.

---

[1] The FCCPA differs from the FDCPA, in part, in that it prohibits acts of "persons" and, accordingly, is not limited to "debt collectors." *Schauer v. Gen. Motors Acceptance Corp.*, 819 So. 2d 809, 811-12 (Fla. 4th DCA 2002).

The only FCCPA provision that is arguably raised as an issue under the facts alleged is Fla. Stat. § 559.72(9) which prohibits a person from "claim[ing], attempt[ing], or threaten[ing] to enforce a debt when such person knows that the debt is not legitimate or assert[ing] the existence of some other legal right when such person knows that the right does not exist." Here, whether the debt is legitimate or whether Plaintiffs owe LoBello Painting for the second half of the contract will necessarily depend on Florida contract law. *See Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1126 (11th Cir. 2004) (courts must refer to other statutes that establish the legitimacy of a debt and define legal rights to determine whether a debt is legitimate or whether a legal right exists). Plaintiffs' Complaint does not include a breach of contract claim against Defendants.[2]

Under the facts alleged in the Complaint, Plaintiffs have not alleged actual knowledge of any impropriety or overreaching that is not legitimate on the part of the LoBello Defendants. "The use of the word 'knows' requires actual knowledge of the impropriety or overreach of a claim." *In re Cooper*, 253 B.R. at 290 (citing *Kaplan*, 88 F. Supp. 2d at 1363). "The FCCPA requires an allegation of knowledge or intent by the debt collector in order to state a cause of action." *Id.* Here, while Plaintiffs allege that LoBello Painting failed to complete the painting of the LoBello's home according to the terms and conditions of the contract, Plaintiffs at best have alleged that a dispute exists over how much, if anything, is owed under the contract.

The factual allegations of the Complaint implicate Florida's Lien statute, Fla. Stat. § 713 *et seq*. The fact that a claim of lien was filed against Plaintiffs' property is the only allegation of conduct by any of the LoBello Defendants, specifically Patricia LoBello. Plaintiffs make no allegation that the lien was improperly filed or violated Florida's Lien statute in any respect.

---

[2] Defendant LoBello Painting, Inc., however, has filed a counterclaim against Plaintiffs for breach of contract.

6

Accordingly, under these facts, Plaintiffs' allegation that Patricia LoBello filed a claim of lien without anything more does not allege facts sufficient to "raise a right to relief above the speculative level" under the FCCPA. *See Twombly*, 127 S. Ct. at 1964-65; *c.f. Trent v. Mortgage Elec. Registration Sys., Inc.*, No. 3:06-CV-374-J-32HTS, 2007 WL 2120262, at *4 (M.D. Fla. July 20, 2007) ("[w]hen viewed *in toto*, the purpose and intent of the FCCPA, like the FDCPA, is to eliminate abusive and harassing tactics in the collection of debts. It is not meant to preclude a creditor or someone otherwise holding a secured interest from invoking legal process to foreclose.")

Finally, while Fla. Stat. § 559.552 provides that the Act is "in addition to the requirements and regulations of the federal act," Plaintiffs' attempt to encompass FDCPA violations within Count II with respect to the LoBello Defendants is unavailing in light of the fact that the LoBello Defendants are admittedly not "debt collectors" as that term is defined in the FDCPA. *See* 15 U.S.C. § 1692a(6). Accordingly, Plaintiffs' FCCPA claim, Count II, as alleged against Anthony Lobello, Patricia Lobello, and Lobello Painting, Inc. is dismissed.

### C. Plaintiffs' Conspiracy Claim

Defendants argue that Plaintiffs have failed to plead the conspiracy claim with the required specificity and have failed to allege that Defendants participated in any actions in furtherance of the conspiracy. Plaintiffs respond that paragraphs 49 and 52 of the Complaint "lay out in detail the conduct the LoBellos engaged in and what parts of the FCCPA and provisions of the FDCPA the LoBellos violated by their conduct." (Dkt. 15 at p. 8).

"To state a claim for civil conspiracy under Florida law, a plaintiff must allege: (1) an agreement between two or more people to achieve an illegal objective, (2) an overt act in furtherance of the conspiracy, and (3) injury." *Rindley v. Gallagher*, 890 F. Supp. 1540, 1557 (S.D. Fla. 1995);

7

*accord Bivens Gardens Office Bldg., Inc. v. Barnett Banks of Fla., Inc.,* 140 F.3d 898, 912 (11th Cir. 1998) ("[a]n action for civil conspiracy ordinarily requires proof of an agreement between two or more people to achieve an illegal objective, an overt act in furtherance of that illegal objective, and a resulting injury to the Plaintiff). Further, "[t]he gist of a civil action for conspiracy is not the conspiracy itself but the civil wrong which is alleged to have been done pursuant to the conspiracy." *Loeb v. Geronemus*, 66 So. 2d 241, 243 (Fla. 1953); *Dozier & Gay Paint Co., Inc. v. Dilley*, 518 So. 2d 946, 949 (Fla. 1st DCA 1988). Some factual basis must be pled to support the existence of the conspiracy. *Rindley*, 890 F. Supp. at 1557.

Here, the Complaint is bereft of any factual allegations that the LoBello Defendants were part of a conspiratorial agreement. Further, the Complaint fails to allege any act taken in furtherance of any such agreement. Paragraph 49 lists all of the provisions of the FDCPA which Plaintiffs allege were violated by Defendants. As discussed, these provisions are inapplicable to the LoBello Defendants who are not alleged to be "debt collectors." Paragraph 52 of the Complaint lists all of the provisions of the FCCPA which Plaintiffs allege Defendants violated. While Plaintiffs generally allege that all Defendants "did willfully, knowingly, and intentionally conspire and agree with each other, and with other persons, both known and unknown to the Plaintiffs, to violate the provisions of the Federal Fair Debt Collections Practices Act and/or the Florida Consumer Collection Practices Act....," Plaintiffs assert not one factual allegation that would implicate the LoBello Defendants in such a conspiracy. *See Crosby v. Tate & Kirlin Associates, Inc.*, No. 5:07-CV-171-Oc-10GRJ, 2007 WL 2050944, at *2 (M.D. Fla. July 13, 2007) (dismissing conspiracy count where "the Complaint is completely bereft of any factual allegation that [the defendant] participated in a such a conspiracy").

8

Accordingly, the Court finds that Plaintiffs have failed to state a cause of action against the LoBello Defendants for civil conspiracy. *See Twombly*, 127 S. Ct. 1955 at 1965 ("a formulaic recitation of the elements of a cause of action will not do"). Plaintiffs' claim for Conspiracy, Count III, as alleged against Anthony Lobello, Patricia Lobello, and Lobello Painting, Inc., is accordingly dismissed. Therefore, it is

**ORDERED AND ADJUDGED** that Defendants Anthony Lobello, Patricia Lobello, and Lobello Painting, Inc.'s Motion to Dismiss Complaint for Failure to State a Claim (Dkt. 14) is **GRANTED**. Plaintiffs' Complaint is dismissed as to the LoBello Defendants. Plaintiffs have twenty (20) days from the date of this Order within which to file an Amended Complaint.

**DONE AND ORDERED** in chambers this _14th_ day of August, 2007.

**JAMES D. WHITTEMORE**
United States District Judge

Copies to: Counsel of Record